United States District Court
Southern District of Texas
**ENTERED**
September 30, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| OMAR LUNA-VELAZQUEZ, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:26-CV-00486 |
| | § | |
| MIGUEL VERGARA, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**ORDER DENYING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Petitioner's petition for a writ of habeas corpus. (D.E. 1). On September 18, 2026, the Board of Immigration Appeals dismissed Petitioner's appeal of his removal order. *Automated Case Information*, EOIR, https://acis.eoir.justice.gov/en/caseInformation (last accessed Sep. 29, 2026). Petitioner is now subject to a final order of removal under 8 U.S.C. § 1231. *Id.*; (D.E. 10, p. 1).[1] For the reasons below, the Court **DENIES as moot** Petitioner's habeas petition. (D.E. 1). The Court further **DENIES as moot** any remaining pending motions.

"A court lacks subject matter jurisdiction when a case becomes moot." *Stocker v. TDCJ Staff*, No. 2:23-CV-00248, 2025 WL 2425197, at *2 (S.D. Tex. July 24, 2025) (Ramos, J.) (citations omitted). "Any prolonged detention claim related to a petitioner's prior detention under § 1225(b) becomes moot when the BIA's dismissal of [a petitioner's] appeal shifts their detention to the framework erected in § 1231." *Ndudzi v. Perez*, 509 F. Supp. 3d 943, 947 (S.D. Tex. 2020) (Saldaña, J.) (citation modified); *see also Nyabwa v. Dep't of Homeland Sec. Immigr. & Customs*

[1] Markwayne Mullin, the current Secretary of Homeland Security, and Todd Blanche, the current United States Attorney General, are automatically substituted for Defendants Kristi Noem and Pam Bondi under Federal Rule of Civil Procedure 25(d). Fed. R. Civ. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity . . . ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name[.]").

*Enf't Field Off. Dir.*, 537 F. App'x 451 ("Because [Petitioner] is no longer subject to the detention he challenged in his application [pre-removal order detention], his appeal of the district court's dismissal is moot.") (citing *Oyelude v. Chertoff*, 170 F. App'x 366, 368 (5th Cir. 2006)). Because Petitioner is now detained under § 1231, not § 1225(b), his challenge to his pre-removal order detention is moot. Accordingly, the Court **DENIES as moot** Petitioner's petition. (D.E. 1).

The Court will enter a final judgment separately.

SO ORDERED.

DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Signed: Corpus Christi, Texas
September 30th, 2026